UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**PRA GROUP, INC. and
PORTFOLIO RECOVERY ASSOCIATES, LLC,**

      Plaintiffs,

v.                                                    Civil Action No.: 2:17-cv-  415

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

      Defendant.

    SERVE:    Registered Agent
                 Bryon Williams
                 804 Halcyon Circle
                 Greer, South Carolina

## VERIFIED COMPLAINT

NOW COME PRA Group, Inc. and Portfolio Recovery Associates, LLC, by counsel, and for its complaint against the unrelated entity in South Carolina known as Portfolio Recovery Associates, LLC, would show this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction of the federal claims stated herein under 15 U.S.C. § 1051 and 28 U.S.C. § 1338(a).

2. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and because the acts of Defendant outside this District have caused harm to the Plaintiff within this District.

### PARTIES

3. Plaintiff **PRA Group, Inc.**, formerly known as **Portfolio Recovery Associates,**

Inc. ("PRA") is incorporated under the laws of the state of Delaware with its headquarters in Norfolk, Virginia, and is a publicly traded company (NASDAQ: PRAA).

4. Plaintiff **Portfolio Recovery Associates, LLC ("Portfolio") is** a limited liability company formed in Delaware and headquartered in Norfolk, Virginia. Portfolio is a wholly owned subsidiary of PRA Group, Inc.

5. Defendant **Portfolio Recovery Associates, LLC** is a limited liability company formed under the laws of South Carolina and is not related in any way to PRA or Portfolio.

## FACTUAL ASSERTIONS

**The Portfolio Recovery Associates Family of Marks and Goodwill Associated Therewith**

6. Since its inception in 1996, Portfolio has engaged in the business of purchasing and administering debt accounts and instruments acquired from financial institutions and other corporate lenders ("Sellers").

7. Portfolio has continually serviced large numbers of these account debtors ("Customers") with whom it has business contracts and relationships by mail, telephone, and interactive internet access.

8. Since its inception, Portfolio has operated under the name "Portfolio Recovery Associates", by which name Plaintiff is widely known throughout the United States.

9. "Portfolio Recovery Associates" is a registered trademark with serial number 76-535,738 filed August 11, 2003 and showing first use and first use in commerce of July 1, 1999. PRA owns this trademark. See **Exhibit A**.

10. For nearly 20 years, Portfolio has also owned and operated a multi-screen, interactive website under the domain name <*portfoliorecovery.com*> ("Domain Name").

11. Since its inception, Portfolio has devoted substantial expense, time, and effort to

promote and market itself, its services, its Mark, Trade Name, and Domain Name to Sellers and Customers throughout the United States by:

    a.    Advertisements in financial service industry magazines that are distributed to Sellers throughout the United States;

    b.    Membership in leading trade organizations among whose membership are Sellers throughout the United States;

    c.    Listings in well-known industry "Directories" that are consulted by Sellers throughout the United States;

    d.    Attendance and participation in industry trade shows attended by Sellers throughout the United States;

    e.    Direct solicitation of Sellers by mail, telephone, and in person;

    f.    Contacts with Customers by mail and telephone and through its interactive Website;

    g.    Creation, printing and distribution of a Marketing Brochure containing proprietary materials;

    h.    Creation and operation of a multi-screen, interactive Website located at its Domain Name;

    i.    Efforts to ensure its Domain Name is listed with the most widely utilized Internet search engines; and

    j.    Creation, printing and use of marketing materials, letterhead, business cards, and commercial signage.

12.    Portfolio is widely known and enjoys an excellent reputation as a leader in its industry, and it has developed substantial goodwill within the industry throughout the United

States as the result of its firm commitment to full compliance with all state and federal consumer protection laws.

13. PRA's family of Marks are distinctive and have substantial value and goodwill associated with them.

### The Defendant's Misuse of Plaintiffs' Marks and Goodwill

14. On or around June 2, 2005 – after PRA's Marks were secured - Bryon Williams registered Defendant as a domestic entity in the State of South Carolina with the name "Portfolio Recovery Associates, LLC" and an address of 804 Halcyon Circle in Greer, South Carolina. *See* **Exhibit B**.

15. Confused litigants seeking to sue Portfolio have served Defendant's registered agent. *See, e.g.,* **Exhibit C**.

16. If one visits the website *BizStanding*, an online business directory, a search for Portfolio Recovery Associates in South Carolina will produce a listing for the Defendant. *See* https://bizstanding.com/search?bname=portfolio+recovery+associates+llc&location=SC and **Exhibit D**.

17. On that result is an offer to provide a business background report. When one clicks on that offer, however, the result is an offer to provide a report on Plaintiff PRA Group, Inc. *See* https://bizstanding.com/report/buy_business_report?org_id=77696325&name=PORTFOLIO+RECOVERY+ASSOCIATES+LLC&city=Greer&state=SC&zip=&street=804+HALCYON+CIRCLE and **Exhibit E**.

18. PRA has twice sent letters to Defendant asking it to discontinue its trademark infringement. Both of those letters have been ignored. *See* **Exhibits F and G.**

## COUNT I -- TRADEMARK INFRINGEMENT

19. Paragraphs 1-18 above are incorporated herein by reference.

20. The name "Portfolio Recovery Associates, LLC" as used by the Defendant within the United States is identical to PRA's Mark, "Portfolio Recovery Associates."

21. Defendant's use of the name "Portfolio Recovery Associates" is likely to cause, and has caused, confusion or mistake and/or to deceive the public into believing that Defendant is affiliated with, sponsored or endorsed by PRA and/or its subsidiary, Portfolio, within the meaning of 15 U.S.C. § 1114.

22. Defendant's conduct constitutes the use in interstate commerce of a counterfeit mark and a mark that is confusingly identical to PRA's Mark, and constitutes an ongoing trademark infringement.

23. PRA has twice given Defendant written notice and demand to cease infringing activities.

24. Defendant's infringement of PRA's Mark was and continues to be willful and deliberate infringement within the meaning of 15 U.S.C. § 1114(1), and has and continues to be committed with the intent to trade on plaintiffs' goodwill.

25. The activities of Defendant have caused and will cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law, in that:

   a. PRA's Mark and Plaintiffs' goodwill are unique assets that give Plaintiffs certain business advantages the value of which is impossible to ascertain;

   b. Defendant's use of PRA's Mark and its trading on Plaintiffs' goodwill could cause Portfolio to lose business opportunities that are afforded to it in the mistaken belief that Defendant is affiliated with, sponsored or endorsed by the Portfolio.

    c.    Defendant's use of PRA's Mark and its trading on Plaintiffs' goodwill have caused or are likely to cause Plaintiffs' goodwill to be diminished.

30.    Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to destruction of all infringing articles pursuant to 15 U.S.C. § 1118.

31.    Plaintiff is also entitled to recover its damages and its costs and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL PASSING OFF, FALSE DESIGNATION OF ORIGIN, FALSE AND MISLEADING REPRESENTATIONS OF FACT

32.    Paragraphs 1 through 31, above, are incorporated herein by reference.

33.    Defendant's use of confusingly identical trade name and its use of PRA's trade dress constituted and continue to constitute use in interstate commerce of words, names, and combinations thereof, false designations of the origin of Defendant's business operations, and false and misleading representations of fact, which:

    a.    Are likely to cause confusion or mistake, or to deceive others to erroneously believe that there is an affiliation, connection, or association of Defendant with the Plaintiffs, or that Defendants' commercial activities have the origin, sponsorship, or approval of by Plaintiffs, and that Defendant is organized, controlled, supervised, and approved by Plaintiffs;

    b.    Misrepresent that the characteristics and qualities of Defendants' services and commercial activities are the same as, or are derived from, Plaintiffs;

    c.    Misrepresent that Plaintiffs are therefore responsible for Defendant's actions; all as defined and prohibited under 15 U.S.C. § 1125(a).

35.    Defendant's activities were and continue to be willful and deliberate, and have been and continue to be committed with the intention of gaining an unfair commercial advantage

by reaping the benefits of the time, effort and expense that Plaintiffs have invested in developing its Trade Dress.

36. As a result of the foregoing, Plaintiffs suffered and will continue to suffer losses and injury to its business and goodwill in an amount that will be ascertained according to proof. Accordingly, Plaintiffs are entitled to relief pursuant to 15 U.S.C. § 1125(a)(l)(B).

37. Defendants' actions are of a nature that are continuing and are likely to continue indefinitely unless restrained. Accordingly, Plaintiffs are entitled to prohibitive injunctive relief to stop the continuation of the activities complained of in this Complaint, and to affirmative injunctive relief to require the assembly and destruction of all infringing articles.

WHEREFORE, Plaintiffs pray for interim relief and an award of judgment, as follows:

(1) That Defendant Portfolio Recovery Associates, LLC (of South Carolina) and others who act in concert with it, be enjoined from

  (a) directly or indirectly using the Plaintiffs' marketing tools or any portions of, or derivatives of Plaintiffs' marketing tools, Mark, Trade Name, Trade Dress, and Domain Name, or any confusingly similar marks, names, trade dress, or any counterfeit or colorable imitation thereof, or any other mark, name or trade dress which is likely to cause confusion, mistake, or to deceive, and

  (b) continuing any violations of United States Federal or State Law; and that such injunction applies to both

   (i) actions in the United States, its territories and possessions,

   (ii) and instrumentalities of commerce and communication that are located in the United States and

   (iii) actions by Defendant outside the United States that are likely

    (A) to enter the United States in any form or by any means or

instrumentality, or

(B) to have a significant impact on commerce in the United States.

(2) That Defendant be ordered to cause all labels, stationery, business cards, brochures, signs, prints, advertising, and other materials bearing the Plaintiffs' Mark, Trade Name, or Trade Dress, which are in the possession of or accessible to the Defendant be collected and delivered up to plaintiff for destruction;

(3) That Defendant be ordered to pay the plaintiffs' costs incurred in this matter under the power granted in 15 U.S.C. 1117(a);

(4) That Defendant be ordered to pay damages in an amount to be determined at trial; and

(5) That Defendant be ordered to reimburse Plaintiffs their reasonable attorney fees[1] to the extent they are incurred.

Respectfully submitted

PRA GROUP, INC.
By Counsel

/s/ Steven R,. Zahn
Steven R. Zahn (VSB#43332)
PRA Group, Inc.
Office of General Counsel
130 Corporate Blvd.
Norfolk, VA 23502
757.321.2512
szahn@pragroup.com

---

[1] PRA has commenced this litigation with in house counsel, but reserves the right to retain outside counsel and seek fees.

## VERIFICATION

BEFORE ME the undersigned Notary Public in and for the Commonwealth of Virginia appeared Christopher Lagow, Senior Vice President and General Counsel of PRA Group, Inc., this 27th day of July, 2017, personally known to me, who stated under oath as follows:

1. That he is a duly authorized officer of PRA Group, Inc. and authorized to sign this Verified Complaint on its behalf; and

2. That to the best of his knowledge, information and belief, after reasonable and diligent investigation, that the facts alleged herein are true and complete.

_____
Christopher Lagow

_____
Nancy Mahlmann, Notary Public
Registration 7512859
My commission expires: 2-28-2019



## CERTIFICATE OF SERVICE

I certify that on the 7th day of August 2017, I filed the foregoing Complaint with Exhibits A-G and deposited a copy of the same, with the Notice of Electronic Filing, to:

Bryon Williams, Registered Agent
804 Halcyon Circle
Greer, SC 29650

/s/ Steven R. Zahn
Steven R. Zahn
VSB #43332
PRA Group, Inc.
130 Corporate Blvd.
Norfolk, VA 23502
Tel:   757.321.2512
Fax:   757.321.2518
szahn@pragroup.com